**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| HEATHER M. FAUX,<br><br>        PLAINTIFF,<br><br>vs.<br><br>WELTMAN, WEINBERG & REIS CO., L.P.A. P.C.<br><br>        DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Heather Faux ("Plaintiff" or "Barrett") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Weltman, Weinberg & Reis Co., L.P.A. P.C. (hereinafter "Defendant" or "Weltman, Weinberg & Reis"), alleges as follows:

## I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Heather Faux, is a natural person residing in Polk County, Iowa.

4. Defendant, Weltman, Weinberg & Reis is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

### IV. FACTUAL ALLEGATIONS

7. At some point in time, the Plaintiff incurred a financial obligation to Chase that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3).

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection, when thereafter the Plaintiff began receiving collection communications from the Defendant in an attempt to collect this debt.

*Call in November, 2011*

9. Sometime in November, 2011, the Plaintiff received a call at her place of employment from a representative of the Defendant named Shantel who was calling the Plaintiff in an attempt to collect a debt.

10. Shantel began the call by stating that she was contacting the Plaintiff on behalf of Weltman, Weinberg & Reis with regard to a Chase debt.

11. The Plaintiff advised Shantel that she was not allowed to receive calls at work and inquired as to why Shantel called her place of employment. Shantel responded that she was calling the Plaintiff's work because the Plaintiff was not returning the calls placed to her cell phone.

12. Shantel further advised the Plaintiff that the Plaintiff's paycheck would begin to be garnished if she did not arrange for payment to the Defendant that day.

13. The Plaintiff advised that she was working with an attorney and requested the representative cease contacting her.

14. Shantel stated that the Plaintiff did not have an attorney and they would proceed with collection efforts unless the Plaintiff made immediate payment.

15. Shantel also stated that the Plaintiff's attorney at that time, Ray Johnson, had provided her employer phone number. This was a misrepresentation.

16. The Plaintiff ended the call.

17. Prior to the call to the Plaintiff's place of employment, the Defendant had available to them the Plaintiff's personal contact information and location information.

18. At no point in time prior to the November, 2011 collection call had the Defendant or the original creditor, Chase, instituted legal action against the Plaintiff or received of judgment against the Plaintiff which would have warranted the threat of garnishment.

19. As a result of the November, 2011 collection call, the Plaintiff felt fear, anxiety, embarrassment, humiliation, nervousness, loss of concentration, and anger.

20. This call on this occasion from Defendant representative Shantel was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692(e)(2), 1692(e)(5), 1692e(10), 1692f, amongst others.

21. This call on this occasion from Defendant representative Shantel was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(f), 537.7103(2), 537.7103(4), 537.7103(4)(e), amongst others.

### *Second Call February, 2012*

22. Sometime in February, 2012, the Plaintiff received a second call at her place of employment from Defendant's representative Shantel who was calling the Plaintiff in an attempt to collect a debt.

23. Shantel stated she was calling on behalf of Weltman, Weinberg Reis with regard to a Chase account.

24. The Plaintiff stated that she had already expressed to Shantell that she was not allowed to receive calls at work.

25. Shantel responded that she contacted the Plaintiff at her place of employment and would continue to do so because the Plaintiff would not return the calls placed to her cell phone.

26. The Plaintiff stated that she was going to file for bankruptcy, provided Shantel with the name of her Bankruptcy attorney's firm, Marks Law Firm, and requested the Defendant contact her attorney and to cease contacting her.

27. Shantel stated that she would call the Plaintiff back in thirty days at her place of employment if she did not receive notice of the bankruptcy.

4

28. Prior to the call to the Plaintiff's place of employment, the Defendant had available to them the Plaintiff's personal contact information and location information.

29. As a result of the February, 2012 collection call, the Plaintiff felt anxiety, embarrassment, humiliation, nervousness, loss of concentration, and anger.

30. This call on this occasion from Defendant representative Shantel was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692f, amongst others.

31. This call on this occasion from Defendant representative Shantel was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(f), 537.7103(2), 537.7103(4), amongst others.

*Respondeat Superior Liability*

32. The acts and omissions of the Defendant and its representatives employed as agents by Defendant Weltman, Weinberg & Reis who communicated with Plaintiff as more further described herein, were committee within the time and space limits of their agency relationship with their principal, Defendant Weltman, Weinberg & Reis.

33. The acts and omissions by Defendant Weltman, Weinberg & Reis and its representative were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Weltman, Weinberg & Reis in collecting consumer debts.

34. By committing these acts and omissions against the Plaintiff, Weltman, Weinberg & Reis and its representatives were motivated to benefit their principal, Weltman, Weinberg & Reis.

35. The Defendant is therefore liable to the Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by the Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from the Plaintiff.

### V.  FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Weltman, Weinberg & Reis, and its agents, through the foregoing intentional and negligent acts and omissions including, violated numerous and multiple provisions of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

38. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

### VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Weltman, Weinberg & Reis, and its agents, through the foregoing intentional and negligent acts and omissions including, violated numerous and multiple provisions of the IDCPA including, but not limited to, each and every one of the above-cited provisions of the IDCPA, Iowa Code § 537.7103 et seq.

41. As a result of each and every Defendant's violations of the IDCPA, Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an

amount up to $1,000.00 pursuant to § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

## COUNT II.

## VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT

## Iowa Code § 537.7103 et seq.

- For an award of actual damages pursuant to § 537.5201(1)(y) against each and every Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to § 537.5201(8) against the Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

## VII. JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF